1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BARRY DANA WEST,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 1:16-cv-01377-EPG<br><br>ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(ECF No. 37) |

On January 17, 2019, counsel for Plaintiff filed a motion for an award of attorney fees pursuant to 42 U.S.C. § 406(b). (ECF No. 37.) Plaintiff and Defendant were served with a copy of the motion. (ECF Nos. 37 & 39.) Plaintiff filed no response or objection to the motion. Defendant filed a response, noting, in part, that any attorney fees awarded to Plaintiff's counsel pursuant to 42 U.S.C. § 406(b) must be offset by the attorney fees previously awarded pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), but not otherwise objecting.

For the reasons set forth below, the motion for an award of attorney fees is GRANTED in the amount of $28,728.50, subject to an offset of $5,100.00 in fees already awarded pursuant to EAJA.

## I. BACKGROUND

Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. (ECF No. 1.) On February 1, 2018, the Court ordered the case remanded to the agency for further proceedings. (ECF No. 32.) On February 1, 2018, judgment was entered in accordance with the Court's order. (ECF No. 33.) On remand, the Commissioner awarded benefits to Plaintiff. On May 1, 2018, the parties filed a stipulation for an award of $5,100.00 in attorney fees under EAJA (ECF No. 35), and on May 2, 2018, the Court entered an order on the stipulation, awarding EAJA attorney fees and expenses in the amount of $5,100.00. (ECF No. 35.)

The Commissioner issued a notice that retroactive disability benefits had been awarded to Plaintiff and that $31,228.50, representing 25% of Plaintiff's past-due benefits, had been withheld from Plaintiff's award of disability benefits for payment of any applicable attorney fees. (ECF No. 37-2, p. 5.)[1] On January 17, 2019, Plaintiff's counsel filed a motion for attorney fees in the amount of $23,628.50. Plaintiff's counsel's § 406(b) motion for attorney fees is currently pending before the Court.

## II. DISCUSSION

### a. Attorney Fee Awards Under Section 406(b)

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added).

---

[1] The Award of Benefits letter does not actually state the total sum of past-due benefits. Assuming the $31,228.50 figure represents 25 percent of the past-due benefits, the total sum of past due benefits would be $124,914.00. Neither Defendant nor Plaintiff objects to the $124,914.00 figure as an accurate measure of past-due benefits, and the Court uses this figure in its analysis.

"In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the [406(b)] fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). Even though the § 406(b) attorney fees award is not paid by the government, the Commissioner has standing to challenge the award. *Craig v. Sec'y Dep't of Health & Human Servs.*, 864 F.2d 324, 328 (4th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807. The goal of fee awards under § 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, section 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807; *see also Crawford*, 586 F.3d at 1148 (holding that § 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case;

and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Id*. (citing *Gisbrecht*, 535 U.S. at 807-08).

   b. **The EAJA Offset and its Application in this Case**

The EAJA also allows for an award of attorney fees in Social Security actions. Under the EAJA:

> A court shall award to a prevailing party other than the United States fees and other expenses…, incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States…, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Because of the possibility for duplicitous attorney fee awards under the Social Security Act and the EAJA, Congress enacted a savings provision to prevent attorneys from receiving fees twice for the "same work" on behalf of a claimant. *Parrish v. Commissioner*, 698 F.3d 1215, 1217 (9th Cir. 2012) (citing Pub. L. No. 99-80, § 33, 99 Stat. 183, 186 (1985) (adding "Savings Provision" to 28 U.S.C. § 2412 notes). "[I]f a court awards attorney fees under § 2412(d) for the representation of a Social Security claimant on an action for past-due benefits, and also attorney fees under § 406(b)(1) for representation of the same claimant in connection with the same claim, the claimant's attorney 'receives fees for the same work' under both § 2412(d) and § 406(b)(1) for purposes of the EAJA savings provision," and the court must offset the EAJA award against the Social Security Act award. *Parrish*, 698 F.3d at 1221. As the Court in *Gisbrecht* stated:

> Fee awards may be made under both prescriptions, but the claimant's attorney must "refun[d] to the claimant the amount of the amount of the smaller fee." *See* Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 99 Stat. 186, "Thus an EAJA award offsets and award under [42 U.S.C.A. § 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the…EAJA award up to the point the claimant receives 100 percent of the past-due benefits.

*Gisbrecht*, 535 U.S. at 796.

Here, Plaintiff's counsel arrives at the amount she seeks under § 406(b) by asking the Court to subtract $2,500.00, as well as the $5,100.00 amount awarded under the EAJA, from

4

$31,228.50, which represents 25% of the total past due benefits of $124,914.00. While counsel's request makes logical sense, the plain language of the EAJA envisions an actual refund of the attorney fees paid out under that statute, not subtracting the attorney fees awarded pursuant to it from 25% of the past due benefits award to reach an amount under § 406(b). *See generally Id.* at 796 (citing Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 99 Stat. 186).

Accordingly, the Court will consider Plaintiff counsel's request as one for attorney's fees in the amount of $28,728.50, which is 25% of the past due benefits minus $2,500, with an obligation to refund the $5,100 already obtained through the EAJA.

    **c. The Reasonableness of the $28,728.50 amount under Section 406(b)**

Turning to the reasonableness of the $28,728.50 amount, the fee agreement between Plaintiff and Plaintiff's counsel, which is signed by those parties, provides:

> This is a contingent fee contract. If attorney prevails before the Federal Court, and if Claimant is subsequently awarded benefits by the Social Security Administration ("SSA"), Claimant agrees to pay Attorney a fee for Federal Court work equal to 25% of the past-due benefits.

(ECF No. 37-2, p. 1).

The Court has considered the character of counsel's representation of Plaintiff and the good results achieved by counsel, which includes an award of benefits. Plaintiff's counsel represents that the firm spent 26.2 hours of attorney time representing Plaintiff in this matter, ultimately gaining a favorable decision in that the case was remanded to the Commissioner, who then awarded benefits to Plaintiff. (ECF No. 37-4 p. 2-3) (affidavit of Shellie Lott detailing hours spent on the case.). There is no indication that a reduction of the award is warranted due to any substandard performance by Plaintiff's counsel as counsel secured a successful result for Plaintiff. There also is no evidence that counsel engaged in any dilatory conduct resulting in delay.

Here, the attorney fees award of $28,728.50 does not exceed 25% of past-due benefits awarded to Plaintiff and is not excessive in relation to the past-due benefits awarded. *See generally Ortega v. Comm'r of Soc. Sec.,* No. 1:12–cv–01030–AWI–SAB, 2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015) (granting § 406(b) attorney fees in the amount of $24,350.00);

*Thomas v. Colvin*, No. 1:11–cv–01291–SKO, 2015 WL 1529331, at *3 (E.D. Cal. Apr. 3, 2015) (granting § 406(b) attorney fees in the amount of $44,603.50); *Boyle v. Colvin*, No. 1:12–cv–00954–SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) (granting § 406(b) attorney fees in the amount of $20,577.57); *Jamieson v. Astrue*, No. 1:09-cv-00490-LJO-DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (recommending an award of § 406(b) attorney fees in the amount of $34,500.00), *adopted by* 2011 WL 841363. Indeed, it is $2,500 less than the contractually agreed amount.

In making this determination, the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms. "District courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Harris v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). Attorneys who agree to represent claimants pursuant to a contingent fee agreement assume the risk of receiving no compensation for their time and effort if the action fails. *Id.* Here, Plaintiff's attorneys accepted substantial risk of loss in representing Plaintiff, whose application had already been denied at the administrative level. Plaintiff agreed to the contingent fee, and counsel successfully secured a remand and ultimately an award of substantial benefits to Plaintiff.

The Court has considered the time spent by Plaintiff's counsel in this matter, which results in a blended hourly rate of $1096.50. While the Court recognizes this figure is somewhat high, the Supreme Court has instructed courts to respect the "primacy of lawful attorney-client fee arrangements." *Gisbrecht*, 535 U.S. at 793. As noted, the amount sought is less than 25% of the past-due benefits, which the Social Security Act uses as a guidepost to ensure the reasonableness of the contingency contract and fee awarded. That, coupled with the excellent result achieved by Plaintiff's counsel, persuades the Court that the award is reasonable.

An award of attorney fees pursuant to § 406(b) in the amount of $28,728.50 is, therefore, appropriate. As noted, however, an award of § 406(b) fees must be offset by any prior award of attorney fees granted under the EAJA. *See* 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Plaintiff was previously awarded $5,100.00 in fees pursuant to the EAJA; as such, the § 406(b) award will

be offset by $5,100.00.

**III. CONCLUSION AND ORDER**

For the reasons stated above, the Court finds that the attorney fees sought by Plaintiff's counsel pursuant to § 406(b) are reasonable. Accordingly, IT IS ORDERED:

1. Plaintiff's counsel's motion for an award of attorney fees pursuant to 42 U.S.C. § 406(b) is GRANTED and Plaintiff is awarded $28,728.50.
2. Plaintiff's counsel is ordered to reimburse Plaintiff $5,100.00 of the § 406(b) fees awarded as an offset for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).
3. The Clerk of Court is respectfully directed to serve a copy of this Order onto Plaintiff Barry Dana West at 3616 Agate Dr., Modesto, CA 95356.

IT IS SO ORDERED.

Dated: **April 17, 2019**     /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

7